IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROY A. DAY,                              :
                                         :
       Plaintiff,                    :
                                         :
v.                                       :   Civ. No. 13-1061-LPS
                                         :
STATE OF FLORIDA, et al.,                :
                                         :
       Defendants.                   :

_____

Roy A. Day, Tarpon Springs, Florida, Pro Se Plaintiff.

## MEMORANDUM OPINION

July 26, 2013
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Roy A. Day ("Plaintiff") resides in Tarpon Springs, Florida. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), this Memorandum Opinion and Order screens the Complaint for the alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.

## II. BACKGROUND

Plaintiff is a resident of the State of Florida. Plaintiff was involved in an automobile accident on August 6, 2010 in Palm Harbor, Florida, and was issued a citation for reckless driving. Plaintiff appealed to the Circuit Court for the Six Judicial Circuit in and for Pinellas County, Florida, South County Appellate Division ("Florida Appellate Court"). Plaintiff sought a transcript of the traffic court hearing based upon his pauper status so that he could prepare a "true and correct brief." Plaintiff alleges that the appeal was dismissed because his "brief was not provided with a transcript of the trial court hearing." An exhibit attached to the complaint indicates that the appeal was dismissed on May 2, 2013 because plaintiff did not timely file a transcript as ordered by the court. (D.I. 2 Ex. 2) On May 16, 2013, The Florida Appellate Court denied plaintiff's motion for rehearing en banc and motion for an expedited ruling. (*Id.* at Ex. 5)

Plaintiff filed the instant lawsuit against the State of Florida, including unnamed Florida state court judges, agents, servants, and co-conspirators. Plaintiff alleges that Defendants denied him the right to due process and equal protection of the law when he was not allowed to write an en banc brief with a transcript and that Defendants "confected and devised a plan and scheme

1

that operated as a fraud (intrinsic and extrinsic fraud) or deceit upon Plaintiff" which denied Plaintiff's right to due process and equal protection. (*See* D.I. 2 at ¶ 19)

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages in the amounts of one million, five million, and twenty million dollars, respectively, as well as costs and attorneys' fees.

### III. <u>LEGAL STANDARDS</u>

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts

3

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

IV. **DISCUSSION**

A. **Vexatious Litigant**

Plaintiff alleges that he has been denied meaningful access to the Florida courts because he is "a pauper and homeless with no money for an unconstitutional $4,000 filing fee." (D.I. 2 at ¶ 3) The $4,000 to which he refers is not a filing fee but, instead, a sanction imposed upon Plaintiff due to his vexatious and abusive litigatious activities.

On December 15, 1995, a recommendation was filed in the United States District Court for the Middle District of Florida ("Florida District Court") recounting in detail Plaintiff's history of vexatious and abusive litigation.[1] *See In re Roy Day Litigation*, 976 F. Supp. 1455 (M.D. Fla. 1995). On December 18, 1995, the presiding district judge adopted the recommendation and an Order was entered that provides for screening and the imposition of a sanction of not less than $1,000 upon the finding that a proposed complaint filed by Plaintiff is frivolous. *See In re Roy Day Litigation*, Case No. 95-143-MISC-J (M.D. Fla. Dec. 11, 1995) at D.I. 1. Plaintiff continued filing and, as a result of four attempted frivolous filings, $4,000 in sanctions were imposed. *See In re Roy Day Litigation*, 2011 WL 550207, at *1. Undeterred by the sanctions, Plaintiff continued to file complaints. *Id.* This resulted in an order directing the Clerk of Court not to accept any filings from Plaintiff until he satisfies the monetary sanctions. *See id.* Once that happened, Plaintiff began filing his lawsuits in this Court in an effort to manipulate and abuse the

---

[1] Plaintiff has also been found to be a vexatious litigant by the United States Supreme Court and the District Court of Appeal of Florida, Second District. *See Day v. Day*, 510 U.S. 1 (1993); *Day v. Vinson*, 713 So. 2d 1016 (Fla. Dist. Ct. App. 1998).

4

court system and avoid the effect the Florida sanctions have upon his efforts to file lawsuits there.[2]

### B.      Rooker-Feldman Doctrine and Younger Abstention

It is evident in reading the complaint that Plaintiff's claims result from his dissatisfaction with the Florida State Court's ruling in not providing him a transcript free of charge. To the extent Plaintiff seeks review and rejection of Florida state court decisions, the claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the Court cannot exercise jurisdiction.[3] To the extent the issue action remains pending in State court (i.e., by reason of an appeal to the Florida Supreme Court) and has not yet reached final resolution, the Court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

Accordingly, pursuant to the *Rooker-Feldman* doctrine, the Court declines to exercise jurisdiction. In the alternative, pursuant to *Younger* and its progeny, the Court must abstain.

---

[2]Although the case is not properly venued in the District of Delaware, the Court may not dismiss the case, *sua sponte*, on the grounds of improper venue. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

[3]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the Court of subject matter jurisdiction, it may be raised at any time by the Court *sua sponte*. *See Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

### C. **Eleventh Amendment**

The main defendant, the State of Florida, is immune from suit. *See Day v. State of Florida*, __F. App'x__, 2013 WL 3722330 (3d Cir. July 17, 2013) (unpublished). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity to such suits. *See* 802 F.2d 397, 400 (11th Cir. 1986) (stating Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages).

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the Court will dismiss all claims against the State of Florida, as it is immune from suit.

### D. **Unnamed Defendants**

The complaint refers to unnamed Florida state court judges and takes exception to rulings made in the Florida Appellate Court. It also refers to unnamed agents, servants, and co-conspirators.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of

his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction." *Id.*

The Eleventh Circuit, where the unnamed defendant judicial officers sit, has stated that "[j]udges are entitled to absolute immunity for all actions taken in their judicial capacity, except where there is a clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* In addition, § 1983 provides that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Azubuko v. Royal*, 443 F.3d at 304 (citing 42 U.S.C. § 1983).

The complaint does not provide the names of the Florida state court judges. There are no allegations to show that the judicial officers acted in the absence of jurisdiction. Indeed, Plaintiff's claim is mere dissatisfaction with court rulings. In the absence of facts that would support application of some exception to the doctrine of judicial immunity, the allegations fail to state a claim against them upon which relief may be granted. In addition, to the extent that Plaintiff seeks injunctive relief, the claims are barred by judicial immunity because there are no allegations that a declaratory decree has been violated or declaratory relief is unavailable. Plaintiff fails to plead a legally cognizable claim for declaratory relief.

Finally, the complaint is deficiently pled. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d

7

Cir. 1978)). Plaintiff's complaint does not name the judges. With regard to the conspiracy claim, the complaint merely alleges, in a conclusory manner, that Defendants engaged in a conspiracy. Even given the latitude accorded *pro se* pleadings, the conspiracy claim is so devoid of any possible merit as to be frivolous.

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), the Court will dismiss all remaining claims as frivolous and pursuant to Defendants' immunity.

## V. CONCLUSION

For the above reasons, the Court will dismiss the complaint. The Court finds that amendment would be futile. All pending motions will be denied as moot.

An appropriate Order follows.